﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 210225-137268
DATE: March 31, 2021

REMANDED

Entitlement to service connection for rectal bleeding (previously claimed as hemorrhoids) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Army from May 1960 to May 1963. 

This matter comes before the Board of Veterans’ Appeal from a January 2021 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran submitted a timely Form 10182 in February 2021, which has perfected this appeal before the Board. He requested review of his claim under the Direct Review option. Under this option, the Board reviews the same evidence of record at the time of the Agency of Original Jurisdiction’s (AOJ) decision.

Entitlement to service connection for rectal bleeding (previously claimed as hemorrhoids) is remanded. 

The Veteran generally contends that his current rectal bleeding is caused by the hemorrhoid surgery he underwent while in service. See February 2021 VA Form 10182. 

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran’s claim so that he is afforded every possible consideration. 38 U.S.C. § 5103A; 38 C.F.R. § 3.159.

In an October 2020 rating decision, the AOJ stated that the Veteran’s claim was returned for correction of a duty to assist error in the prior decision for failure to get an examination and/or medical opinion. Consequently, the AOJ requested a nexus opinion on whether the Veteran’s current bleeding is due to the hemorrhoidal surgery in service. However, in the October 2020 VA examiner did not complete the Disability Benefits Questionnaire or provide an opinion. The January 2021 VA examiner concluded that the Veteran did not have a diagnosis of hemorrhoids, and therefore did no render an opinion. These examinations are inadequate for adjudicative purposes. See D'Aries v. Peake, 22 Vet. App. 97, 104 (2008); Stefl v. Nicholson, 21 Vet. App. 120 (2007). The AOJ specifically requested an opinion on the Veteran’s rectal bleeding as it relates to his previous in-service surgery, not whether the Veteran has a diagnosis of hemorrhoids. Furthermore, the Veteran has previously stated that he is seeking service connection for his rectal bleeding, not hemorrhoids. See October 2020 Higher Level Review Informal Conference; December 2020 Statements in Support of Claim; February 2021 VA Form 10182. 

The Board finds that the evidence of record is sufficient to trigger the VA's duty to provide the Veteran's with an adequate VA examination for his rectal bleeding. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). The issue of entitlement to rectal bleeding is remanded to correct a pre-decisional duty to assist error. The October 2020 and January 2021 medical opinions did not provide adequate opinions regarding whether the Veteran’s rectal bleeding had its onset in service or is otherwise related to service.

These matters are REMANDED for the following action:

1. Afford the Veteran an appropriate VA examination to ascertain the nature and etiology of his claimed rectal bleeding. All pertinent evidence of record must be made available to and reviewed by the examiner. Any indicated evaluations, studies, and tests should be conducted. The need for an in-person examination is left to the discretion of the examiner. The examiner must review the claims file and note that review in the examination report.

The examiner must provide an opinion regarding the following question:

(A) The examiner should offer an opinion as to whether it is at least as likely as not (50 percent or greater probability) that any rectal bleeding had its onset during service or is otherwise related to service.

Ensure that any medical opinion obtained includes a complete rationale for the conclusions reached. 

 

 

D. SMART

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Adeyemi, B.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.